BROWN v. EPPERSON.

Opinion delivered March 28, 1921.

DRAINS—COUNTY TREASURER'S COMMISSIONS.—Under Acts 1913, No. 177, § 17, the treasurer of a county is not entitled to any commissions on sums deposited with him by the county collector, but which the commissioners of the district had deposited in a bank.

Appeal from Arkansas Circuit Court, Southern District; *W. B. Sorrels,* Judge; affirmed.

*J. M. Henderson, Jr.,* for appellant.

The trial court erred in its construction of the law. The county treasurer was entitled to a commission of 1 per cent. on the drainage taxes paid over to him by the collector under act 279 of 1919 and act 177 of Acts of 1913, act 279, Acts 1909, p. 829, §§ 10, 11, act 177, Acts 1913, § 17. This is an amendatory act, and the two acts should be construed together as one act. If there is doubt as to the meaning, or apparent repugnancy, we must look to the intention of the Legislature. 102 Ark. 205; 30 *Id.* 135; 31 *Id.* 119-127; 89 *Id.* 378; 22 *Id.* 369. The spirit and reason of the law should prevail over its letter. 36 Cyc. 1108; 86 Ark. 578; 11 *Id.* 44. The judgment was without authority of law, and the court erred in refusing a new trial.

*Robert E. Holt,* for appellees.

Construing the original and amendatory acts together as one act, it is clear the court below properly decided this case on the law and the evidence, and there is no error. C. & M. Dig., § 1906. Under the circumstances of this case the treasurer was not entitled to any commission.

WOOD, J. This action was brought by the appellees as commissioners of J. R. Wulff Drainage District No. 4 of Arkansas County against the appellant, who was the treasurer of such county, to recover the sum of $243.53, which the appellees alleged were commissions on drainage taxes turned over by the collector of Arkansas County

to the appellant as county treasurer. The appellees alleged that appellant was unlawfully retaining the above amount for his commission.

The appellant, in his answer, admitted that he was retaining the above amount, which was one per cent. of the drainage funds which the collector had turned over to him. He alleged that he received the drainage funds and had the same in custody for a period of from ten to sixty days, and during that time was responsible for same under his bond as treasurer of the district. He denied that he was unlawfully retaining the amount claimed as his commission, but averred that he was lawfully entitled to same. The cause, by consent, was submitted to the court siting as a jury, and the court found that for four years in succession the treasurer of the district each year had retained a commission of one per cent. of the drainage funds which the collector had turned over to him amounting in the aggregate to the sum claimed in the complaint; that the retention of said commissions, under act 177 of the Acts of 1913, was unlawful. The court thereupon entered a judgment in favor of the appellees for the amount claimed by them, and from that judgment is this appeal.

The only question presented for our consideration is whether or not the appellant was entitled to the commissions retained by him as found by the court. This question involves the construction of section 10 of act 279 of our general drainage laws of the Acts of 1909, p. 839, which is as follows: "The amount of the taxes herein provided for shall be annually extended upon the tax books of the county, and collected by the collector along with the other taxes * * *; and the same shall by the collector be paid over to the county treasurer at the same time that he pays over the county funds." And section 11, which provides: "The treasurer shall pay out no money, save upon the order of the board, and upon a warrant signed by the chairman thereof. He shall be allowed a commission, not exceeding one per

centum, upon all sums lawfully paid out, to be fixed by the board; and he shall give special bond in a sum to be fixed by the county court as treasurer of each drainage district. * * * If the commissioners deem best, they may require the treasurer to deposit the funds of the district in a solvent bank, which will pay interest thereon at not less than three nor exceeding four per cent., and shall give a good bond, conditioned that said funds shall be safely kept, and paid out in accordance with law. Said order shall relieve the treasurer and his bondsmen from liability from loss for such funds through the insolvency of said bank and its bondsmen; but no such order shall be effective unless in writing, and entered on the minutes of the board before said funds are deposited with such bank.''

Also section 17 of act 177 of the Acts of 1913, which amends act 279 of the Acts of 1909, *supra,* and also act 221 of the Acts of 1911. The only part necessary to set forth of act 177 of the Acts of 1913 is as follows: ''Section 17. If the commissioners deem best, they shall deposit the funds of the district in a solvent bank which will pay interest at not less than three nor exceeding four per cent., and shall give a good bond, conditioned that said funds shall be safely kept and paid out in accordance with the law. Said order shall relieve the treasurer and his bondsmen from liability for loss of such funds through the insolvency of said bank and its bondsmen, and no commission shall be paid the treasurer on sums so deposited, and said bank shall pay out the funds only on warrants drawn upon it as prescribed for funds in the hands of the treasurer.''

The above provisions of the respective statutes are *in pari materia.* When so construed, it is manifest that the lawmakers intended that the treasurer should not be allowed any commissions on sums which had been deposited with him by the collector, but which the commissioners of the district, under authority of the last act, had the discretion to and had deposited in a bank upon

terms and conditions therein prescribed. When the acts
are read in connection with each other, it appears that
when the commissioners deposited the money in bank,
the treasurer was to be relieved of all the duties and
responsibilities connected with such funds which had
been imposed upon him under the provisions of act 279,
*supra,* except the mere duty of acting as a conduit for
the passing of the money from his hands into the hands
of the commissioners and the depository bank, which they
had selected. This duty is not a complex or onerous one,
and it is clear it was not the purpose of the Legislature
to allow him any commission for the performance of that
duty. Since he was relieved of the duties and responsi-
bilities incident to the handling and disbursement of
the funds as provided by act 279, *supra,* it was the inten-
tion of the lawmakers as expressed in section 17 of act
177, *supra,* that "no commission shall be paid the treas-
urer on sums so deposited."

It will be observed that section 11 of act 279, *supra,*
and section 17 of act 177, *supra,* are almost precisely the
same, except section 17 of the latter act contains the words
"no commission shall be paid the treasurer on sums so
deposited," above quoted. These words are significant,
and they must be construed to mean that the treasurer
was not to receive any commission on moneys of the
drainage district which had merely passed through his
hands as a conduit from the collector of the district to
the commissioners and the depository selected by them.
If this construction results in imposing upon the treas-
urer a special duty of temporarily holding and turning
over funds for which no specific compensation is awarded
him, nevertheless such is the law, and many duties are
required of nearly all public officers as incidental or con-
nected with their official positions, for which no specific
remuneration is allowed. Public officials can only receive
such compensation as is expressly allowed them by law.
The construction of these statutes by the trial court was
correct, and judgment is therefore affirmed.